**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| BHANU PUSHPAKA, RAVI ESAMPALLY, SONAL CHAVARE, VISHAL BANDA, *Plaintiffs* | § § § § § § | Case No.  SA-26-CA-03202-XR |
| v. | § § | |
| PATHWAY LAW FIRM, P.C., JOSEPH NAZARIAN, VICKY REYES, ELI DOE, MALYSSA VILES, ANTONIO NELSON, *Defendants* | § § § § § | |

**ORDER DENYING MOTION TO REMAND**

On this date the Court considered Plaintiffs' motion to remand based on the untimeliness of removal (ECF No. 2) and the removing Defendants' response (ECF No. 7). After careful consideration, the motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed their Original Petition in the 166th Judicial District Court of Bexar County, Texas on November 24, 2025, alleging that Defendants—a California law firm and several of its employees—committed barratry by bombarding Plaintiffs with numerous unsolicited calls and texts over multiple days after they were injured in a motor vehicle collision. *See* ECF No. 1-1.

On March 6, 2026, Plaintiffs' counsel sent copies of the citations and the petition to counsel for Defendants Pathway Law Firm, PC ("Pathway"), Joseph E. Cuellar, in case he was authorized to accept service on behalf of the Defendants. *See* ECF No. 2-1 at 3. On March 17, 2026, Mr. Cuellar responded, saying that he was authorized to accept service on behalf of Pathway and one of its attorneys, Joseph Nazarin, but could not accept service for Vicky Reyes—a former Pathway employee—or the other Defendants—who were never Pathway employees. *Id.* at 4.

Plaintiffs filed affidavits of service in state court signed by process server indicating that Pathway, Nazarian, and Reyes were served on April 8, 2026. *See* ECF Nos. 1-2, 1-3, 1-4.

The Removing Defendants dispute the date and method of service. Three Pathway employees—Defendant Nazarian, an attorney, and two non-party receptionists—filed sworn declarations stating that, contrary to the representations in the affidavits of service, the process server had delivered copies of the citations and petitions on April 16, 2026 to the receptionist working that day, Karen Iniguez. *See* ECF No. 1-5, Nazarian Decl. ¶ 5; ECF No. 1-6, Iniguez Decl. ¶ 2. The receptionist working on April 8, 2026, Allison Mendez, submitted a sworn declaration stating that nobody had delivered any service documents on that date. ECF No. 1-7, Mendez Decl. ¶ 2. Finally, Nazarian submitted a sworn declaration stating that Defendant Reyes could not possibly have been served with process at Pathways on either date in April 2026 because she had not been employed at the firm since February 13, 2026. *See* ECF No. 1-5, Nazarian Decl. ¶ 8.

On May 15, 2026, Pathway and Nazarian (together, the "Removing Defendants") removed the case to this Court, alleging diversity jurisdiction. ECF No. 1 ¶ 10. They also assert that the consent of the remaining Defendants—Vicky Reyes, Malyssa Viles, Antonio Nelson, and Eli Doe—was not required because they have not been properly joined and served in the suit under 28 U.S.C. § 1446(b)(2)(A). *Id.* ¶ 24.

## DISCUSSION

Plaintiffs have moved to remand the case to state court, arguing that removal was procedurally defective because it was untimely under 28 U.S.C. § 1446(b)(1), which requires that "[t]he notice of removal . . . be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." ECF No. 2. Plaintiffs do not address the discrepancies identified in the Pathway employees' affidavits. Instead, they assert that the

Removing Defendants' attorney, Joseph E. Cuellar, accepted service on their behalf on March 17, 2026, rendering any removal after April 16, 2026 untimely. *See id.* ¶ 6.

Under Texas Rule of Civil Procedure 119, an attorney authorized to accept service on behalf of a client "may accept service of process, or waive the issuance or service thereof by [signing] a written [and sworn] memorandum," which must be "filed among the papers of the cause." "[S]uch waiver or acceptance shall have the same force and effect as if the citation had been issued and served as provided by law." Tex. R. Civ. P. 119.

Mr. Cuellar did not execute or file such a memorandum in the state-court action, and thus did not accept service on behalf of the Removing Defendants.[1] *See* ECF No. 1-9 (Reg. of Actions); Doe v. *Salesforce, Inc.*, No. 4:23-CV-01729, 2024 WL 1092539, at *2 (S.D. Tex. Mar. 13, 2024) (concluding that counsels' post-removal agreement to service by email did not constitute waiver or acceptance under Rule 119 because it was unsworn and was not filed on the state-court docket). Rather, the Removing Defendants waived any defects as to service of process on May 12, 2026, by filing their answer in state court. *See* ECF No. 1-8; Tex. R. Civ. P. 121 ("An answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him."). Removal of the case three days later was timely under Section 1446(b)(1), and Plaintiffs' motion to remand (ECF No. 2) is **DENIED**.

---

[1] Plaintiffs also argued that the Removing Defendants had received the initial pleading by March 17, 2026, even if Mr. Cuellar's email did not formally accept service on their behalf. ECF No. 2 at 4. But the Supreme Court clarified in *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999), that the "time for removal commences on formal service of process, 'not by mere receipt of the complaint unattended by any formal service.'" *Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007) (quoting *Murphy Bros.*, 526 U.S. at 347–48).

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to remand (ECF No. 2) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this 8th day of July, 2026.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE